UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN W. STERLING, III,

                              Plaintiff,        **JURY TRIAL DEMANDED**

                                                        **COMPLAINT**

vs.

                                                       Index no.

CITY OF ROCHESTER AND
ROCHESTER CITY POLICE DEPARTMENT
OFFICER ROBERT OSIPOVITCH, and
OTHER UNNAMED OFFICERS OF THE
ROCHESTER POLICE DEPARTMENT,

                              Defendants.

        The Plaintiff, JOHN W. STERLING, by and through his attorney, Mark A. Young, Esq., as and for his Complaint against the Defendants, CITY OF ROCHESTER and ROCHESTER CITY POLICE DEPARTMENT, alleges as follows:

### JURISDICTION AND VENUE

        1.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. Sections 1331, 1341 and 1343 because it is filed to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of citizens of the United States secured by the Constitution and federal law pursuant to 42 U.S.C. Sections 1983 and 1985.

        2.    Additionally, this Court has supplemental jurisdiction of the state and common law claims asserted herein pursuant to 28 U.S.C. Section 1367 because such claims form part of the same case or controversy over which this Court has original subject matter jurisdiction.

        3.    On or about July 31, 2008, the Plaintiff duly served upon the Defendants, a Notice of Claim for the causes of action contained herein and further complied with all other applicable provision of the General Municipal Law Section 50-e.

        4.    More than 30 days but less than one year and ninety days have elapsed since the events upon which the Plaintiff's claims are based, and such claims have not

LAW OFFICE OF
MARK A. YOUNG
Attorney & Counselor
at Law

25 East Main Street,
Suite 304
Rochester, NY 14614
(585) 232-4240

Y:\Personal injury\Sterling\Complaint 06 09 09.wpd

been settled or compromised by the Defendants.

## PARTIES

5. The Plaintiff JOHN W. STERLING, III is a citizen of the United States and a resident of the State of New York, County of Monroe, City of Rochester.

6. The defendant, CITY OF ROCHESTER is a municipal corporation duly organized and existing under the laws of the State of New York which operates and controls the defendant, CITY OF ROCHESTER POLICE DEPARTMENT.

7. At all relevant times, the defendant ROBERT OSIPOVITCH was a police officer employed by the Defendant ROCHESTER CITY POLICE DEPARTMENT and acted under color of state law..

8. Upon information and belief, at all relevant times, there were other police officers of the defendant ROCHESTER CITY POLICE DEPARTMENT whose identities are not known at this time who are chargeable with the allegations contained in this complaint. When the identity of the police officers are known, this complaint will be amended.

9. At all relevant times, the Defendant ROBERT OSIPOVITCH acted within the scope of his employment for the defendant ROCHESTER CITY POLICE DEPARTMENT and acted under color of state law.

## FACTS

10. On or about May 1, 2008, the plaintiff's mother contacted 911 requesting assistance for the plaintiff who was delusional and in state of severe psychosis.

11. The responding Defendant police officers sprayed the plaintiff with pepper spray, assaulted the plaintiff, and otherwise used excessive force in subduing the plaintiff.

12. The responding Defendant police officers failed to follow their own procedures and protocols in responding to a mental health arrest.

13. All of the Defendants' actions alleged herein were without probable or just

LAW OFFICE OF
MARK A. YOUNG
Attorney & Counselor
at Law

25 East Main Street,
Suite 304
Rochester, NY 14614
(585) 232-4240

cause, grounds or provocation, and were excessive, unreasonable, unnecessary and without any privilege or justification.

14. As a result of the Defendants' actions alleged herein, the Plaintiff suffered severe and permanent physical and mental injuries.

## AS AND FOR A FIRST CAUSE OF ACTION: NEGLIGENT HIRING

15. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "14" above with the same force and effect as though set forth at length herein.

16. The defendant CITY OF ROCHESTER was negligent in hiring Defendant ROBERT OSIPOVITCH

17. The defendant CITY OF ROCHESTER was negligent for the following reasons:

    a. In failing to fully and adequately investigate OFFICER ROBERT OSIPOVITCH and OTHER UNNAMED OFFICERS' references and credentials prior to hiring them;

    b. In failing to properly train the defendants;

    c. In failing to adequately supervise the defendants; and

    d. In otherwise failing to control the actions of the defendants to prevent injury to the Plaintiff.

18. As the direct and proximate result of the CITY OF ROCHESTER's negligence, Plaintiff was subjected to unwanted, harmful and offensive contact from the Defendant OFFICER ROBERT OSIPOVITCH and OTHER UNNAMED OFFICERS which severely the Plaintiff.

19. As a result of the foregoing, the Plaintiff is entitled to judgment in an

LAW OFFICE OF
MARK A. YOUNG
Attorney & Counselor
at Law

25 East Main Street,
Suite 304
Rochester, NY 14614
(585) 232-4240

amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION: NEGLIGENT SUPERVISION

20. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "19" above with the same force and effect as though set forth at length herein.

21. The defendant CITY OF ROCHESTER was negligent in supervising their employee, OFFICER ROBERT OSIPOVITCH as well as other unnamed employees.

22. The defendant CITY OF ROCHESTER allowed OFFICER ROBERT OSIPOVITCH and other unnamed employees to subject Plaintiff to harmful and offensive contact.

23. As the direct and proximate result of the defendants' negligence in supervising its employees, the Plaintiff was subjected to unwanted, harmful and offensive contact from OFFICER ROBERT OSIPOVITCH as well as other unnamed officers.

24. As a result of the foregoing, the Plaintiff is entitled to judgment in an amount to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION: RESPONDEAT SUPERIOR

25. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "24" above with the same force and effect as though set forth at length herein.

26. The CITY OF ROCHESTER is vicariously liable for the negligence of their employees including OFFICER ROBERT OSIPOVITCH and other unnamed officers.

LAW OFFICE OF
MARK A. YOUNG
Attorney & Counselor
at Law

25 East Main Street,
Suite 304
Rochester, NY 14614
(585) 232-4240

Y:\Personal injury\Sterling\Complaint 06 09 09.wpd

4

27. OFFICER ROBERT OSIPOVITCH and other unnamed officers' wrongful acts were committed within the scope of his employment and were generally foreseeable and a natural consequence of their employment.

28. As the direct and proximate result of the Defendants' wrongful acts committed within the scope of their employment, the Plaintiff was subjected to unwanted, harmful and offensive contact from said officers for which the CITY OF ROCHESTER is vicariously liable.

29. As a result of the foregoing, the Plaintiff is entitled to judgment in an amount to be determined at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION: PURSUANT TO 42 U.S.C. SECTION 1983 EXCESSIVE FORCE

30. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "29" above with the same force and effect as though set forth at length herein.

31. The conduct of the Defendants as alleged herein breached and violated rights guaranteed to the Plaintiff by the Eighth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. Section 1983.

32. As a direct and proximate result of the Defendants' use of excessive force against the Plaintiff, the Plaintiff was seriously injured.

33. As a result of the foregoing, the Plaintiff is entitled to judgment in an amount to be determined at trial.

LAW OFFICE OF
MARK A. YOUNG
Attorney & Counselor
at Law

25 East Main Street,
Suite 304
Rochester, NY 14614
(585) 232-4240

## AS AND FOR A FIFTH CAUSE OF ACTION:
## PURSUANT TO 42 U.S.C. SECTION 1985 CIVIL CONSPIRACY

34. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "33" above with the same force and effect as though set forth at length herein.

35. The Defendants, acting under color of state law, deprived the Plaintiff of his constitutional rights, privileges and immunities secured by the United States Constitution.

36. The Defendants, acted in concert and conspired together to deprive the Plaintiff of his constitutional rights and privileges.

37. As a direct and proximate cause of the unconstitutional acts described above, Plaintiff was seriously injured and was forced to expend money for attorney's fees and costs to prosecute this action.

38. As a result of the foregoing, the Plaintiff is entitled to judgment in an amount to be determined at trial.

## AS AND FOR A SIXTH CAUSE OF ACTION:
## COMMON LAW ASSAULT AND BATTERY

39. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "38" above with the same force and effect as though set forth at length herein.

40. Without the consent of the Plaintiff, the Defendants intentionally, harmfully and offensively touched the Plaintiff by spraying him with pepper spray, and otherwise using unreasonable and offensive physical force against the Plaintiff.

41. The Defendants' assault and battery of the Plaintiff was excessive,

LAW OFFICE OF
MARK A. YOUNG
Attorney & Counselor
at Law

25 East Main Street,
Suite 304
Rochester, NY 14614
(585) 232-4240

Y:\Personal injury\Sterling\Complaint 06 09 09.wpd

6

unwarranted and violent and violated Plaintiff's rights under the United States Constitution.

42. As a result of the foregoing, the Plaintiff is entitled to judgment in an amount to be determined at trial.

**WHEREFORE**, the Plaintiff demands judgment to be determined at trial against the Defendants on all causes of action, an additional sum of punitive damages against each defendant to be determined at trial, attorneys fees and costs under 42 U.S.C. Section 1988, together with the costs and disbursements of this action, and for such other and further relief as this Court deems just and proper.

Dated: June 22, 2009
      Rochester, New York

_____
Mark A. Young, Esq.
Attorney for Plaintiff
25 East Main Street
Suite 304
Rochester, New York 14614
(585) 232-4240
mark@markyounglaw.com

LAW OFFICE OF
MARK A. YOUNG
Attorney & Counselor
at Law

25 East Main Street,
Suite 304
Rochester, NY 14614
(585) 232-4240